UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV21-01405 JAK (SHKx) | Date | November 14, 2022 |
|---|---|---|---|
| Title | Jennifer Richardson v. Costco Wholesale Corporation, et al. | | |

| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |
|---|---|
| T. Jackson-Terrell | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS) ORDER RE PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT (DKT. 26); PLAINTIFF'S AMENDED MOTION FOR LEAVE TO FILE PLAINTIFF'S FIRST AMENDED COMPLAINT (DKT. 28)**

**I.    Introduction**

Jennifer Richardson ("Jennifer" or "Plaintiff")[1] brought this action against Costco Wholesale Corporation ("Costco Corp." or "Defendant"), Costco Wholesale Membership, Inc. ("Costco Membership") and 20 Doe Defendants in the San Bernardino Superior Court on February 8, 2021. Dkt. 1-1 (the "Complaint").[2] The Complaint advances causes of action for general negligence and premises liability. *Id.* at 5. Plaintiff seeks compensatory damages for lost wages, hospital and medical expenses, general damages and loss of earning capacity that resulted when she was allegedly struck by a vehicle in the parking lot of a Costco store on November 20, 2020. *Id.* at 5-6.

On April 1, 2021, Defendant filed an Answer to the Complaint. Dkt. 2-1 (the "Answer"). On August 19, 2021, following discovery as to the amount in controversy, Defendant filed a Notice of Removal of Action Under 28 U.S.C. § 1441(b). Dkt. 1 (the "Removal Notice").

The final deadline to amend or add parties was February 1, 2022. Dkt. 24 (the "Scheduling Order"). On January 31, 2022, Plaintiff filed a Motion for Leave to File First Amended Complaint. Dkt. 26 (the "Motion for Leave"). The Motion for Leave sought to add Scott Richardson ("Scott") as a plaintiff who would advance causes of action for loss of consortium and negligent infliction of emotional distress "against all Defendants and Does 1 to 20." *Id.* at 13-14.

On February 8, 2022, Plaintiff concurrently filed an Amended Motion for Leave to File Plaintiff's First Amended Complaint, Dkt. 28 at 1-6 (the "Amended Motion"), and a Stipulation of All Parties Re: Plaintiff's [Proposed] First Amended Complaint, Dkt. 28 Ex. 1 (the "Stipulation"). The parties stipulated

---

[1] The use of Ms. Richardson's first name is to streamline the discussion in this Order, which also refers to her husband, Scott Richardson, as "Scott." This practice is a common one, and is not intended to disrespect either of these parties.
[2] Pursuant to Local Rule 19-1, which provides that no complaint shall be filed that includes more than ten Doe or fictitiously named parties, Doe Defendants 11 through 20 were dismissed on November 30, 2021. Dkt. 24.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV21-01405 JAK (SHKx) | Date | November 14, 2022 |
| Title | Jennifer Richardson v. Costco Wholesale Corporation, et al. | | |

to having Scott added as a plaintiff with respect to his cause of action for loss of consortium against Costco Corp. *Id.* at 10. The parties also stipulated to the withdrawal of his proposed cause of action for negligent infliction of emotional distress. *Id.*

The Amended Motion also seeks leave to add Robert Noche, Jr. ("Noche"), the driver of the car that allegedly struck Jennifer, as a defendant in Scott's loss of consortium claim. *Id.* On March 1, 2022, Defendant filed an Opposition to the addition of Noche. Dkt. 29 (the "Opposition"). Plaintiff filed a reply to the Opposition on March 8. Dkt. 30 (the "Reply").

On March 22, 2022, Jennifer unfortunately passed away. Dkt. 31 (the "Suggestion of Death").

A hearing on the Motion for Leave and Amended Motion was held on August 29, 2022. For the reasons stated in this Order, the Motion for Leave is **MOOT**. The Amended Motion is **GRANTED-IN-PART** and **DENIED-IN-PART**. The Amended Motion is **GRANTED** as to the stipulated joinder of Scott as a plaintiff and as to the stipulated addition of his claim for loss of consortium against Costco Corp; and **DENIED** as to the joinder of Noche as a defendant in the loss of consortium claim.

**II.    Background**

      A.    Parties

           1.    Natural Persons

The Proposed First Amended Complaint alleges that Jennifer, Scott and Noche are individuals residing in the County of San Bernardino, in California. Dkt. 28 Ex. 2 (the "Proposed FAC") ¶¶ 1, 3. It further alleges that at all relevant times, Scott and Jennifer were married. *Id.* ¶ 11.

Scott, as Jennifer's presumed heir and successor in interest, represents her interests in this case, in addition to his own. *See* Dkt. 36 (the "Joint Statement") at 2 (stating Scott, "as heir and successor in interest to Jennifer Richardson," communicated Plaintiff's settlement demand on her behalf). Thus, Scott has been substituted as Plaintiff. Dkt. 45.

           2.    Costco Corp.

The Proposed FAC alleges Costco Corp. is "a corporation organized and existing under the laws of the State of California, and doing business throughout the State of California, including the County of San Bernardino." Dkt. 28 Ex. 2 ¶ 2. However, it is undisputed that it is a citizen of Washington. *See* Notice of Removal, Dkt 1 ¶ 2.

           3.    Costco Membership

The original Complaint named both Costco Membership and Costco Corp. Dkt 1-1 at 3. In its Notice of Removal, Costco Corp. contends that Costco Membership "should be disregarded for removal purposes because it is a sham defendant fraudulently named by Plaintiff in this action." *Id.* at 3-4. Plaintiff voluntary dismissed Costco Membership as a defendant. Dkt. 44. Accordingly, this matter is no longer at issue.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV21-01405 JAK (SHKx) | Date | November 14, 2022 |
| Title | Jennifer Richardson v. Costco Wholesale Corporation, et al. | | |

    4.    <u>Does 1 through 10</u>

It is alleged that Does 1 through 10 are "persons or entities, whether individual, corporate, or otherwise" whose identities are "presently unknown to Plaintiffs." Dkt. 28 Ex. 2 ¶ 4. It is further alleged that "said persons or entities are wholly or in some part responsible for the occurrences set forth in the Complaint and Plaintiffs reserve the right to amend this Complaint to specifically identify these fictitious defendants once their identities become known." *Id.* ¶ 5. The Proposed FAC further alleges that Does 1-10 "were the agents and employees of the other defendants and acted within the scope of the agency." *Id.* ¶ 10.

    B.    Allegations in the Complaint

The Complaint alleges that, on November 20, 2020, at 11800 4th Street, Rancho Cucamonga, CA 91730, "[Jennifer] exited Defendant's store and walked towards her vehicle in the parking lot." Dkt. 1-1 at 6. As she "was crossing to the first row of parked cars," she was allegedly "struck by a vehicle looking for a parking spot." *Id.* Jennifer allegedly "suffered severe injuries, including a head hematoma, 3 fractures in her right arm, and a [traumatic] brain injury." *Id.*

It is further alleged that the parking lot contained "no crosswalks, speed bumps, speed limit signs, slow speed signs, or any other warnings of pedestrian crossings." *Id.* It is alleged that "[t]he lack of signage, crosswalks, speed restrictions, or speed [deterrents] in a high traffic pedestrian area where vehicles would regularly navigate through the same space, is negligent," *id.*, and "created a dangerous condition for pedestrians." *Id.* at 7. It is further alleged that "Defendants, as owners and operators of the property, knew or should have known of the dangerous condition," *id.* at 7, and that "Defendant's [negligence] was a substantial factor in causing injuries to [Jennifer]." *Id.* at 6.

The Complaint states causes of action for general negligence and premises liability against Costco Corp. and Costco Membership and alleges that Jennifer has suffered a loss of wages, hospital and medical expenses, general damages and loss of earning capacity. *Id.* at 5. The Complaint demands an unspecified amount of damages, but in excess of $25,000. *Id.* at 8.

    C.    Additional Allegations in the Removal Notice

The Defendant removed this action pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. The Removal Notice alleges that Jennifer's responses to Defendant's interrogatories and discovery requests put Defendant on notice that the amount in controversy "greatly" exceeds $75,000. Dkt. 1 ¶ 9. The Notice details Jennifer's then-current and expected hospital, ambulance, surgery and physical therapy bills, which totaled more than $75,000. *See id.* ¶¶ 10-16. It further alleges that one of Jennifer's interrogatory responses "attribute[d] daily ongoing complaints to her right olecranon (elbow), head, bilateral ears/hearing, memory loss, vision impairment, including eye movement, cervical spine, thoracic spine, and lumbar spine." *Id.* ¶ 17.

The Removal Notice alleges that there is complete diversity because Jennifer was a citizen of California, and Defendant Costco Corp. was, and still is, a citizen of Washington. *Id.* ¶¶ 1, 2.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV21-01405 JAK (SHKx) | Date | November 14, 2022 |
| Title | Jennifer Richardson v. Costco Wholesale Corporation, et al. | | |

      D.      Additional Allegations in the Amended Motion

The Amended Motion alleges that Noche was the driver of the vehicle that struck Jennifer. Dkt. 28 at 3. It further alleges that his insurance carrier resolved Jennifer's claims prior to the commencement of litigation in exchange for a release. *Id.* at 3-4. It is alleged that Scott was not a party to the release. *Id.* at 4. The Amended Motion further alleges that, "during the course of the subject litigation, it has become clear that [Scott] has a meritorious claim" for loss of consortium against both Costco Corp. and Noche. *Id.* at 4.

      E.      Additional Allegations in the Proposed FAC

The Proposed FAC adds Noche as a defendant to Scott's loss of consortium claim and alleges that Noche is a California citizen. Dkt. 28 Ex. 2 ¶ 3. The Proposed FAC alleges that Scott is deprived of Jennifer's "companionship and services, including (1) the loss of love, companionship, comfort, care, assistance, protection, affection, society, and moral support; and (2) the loss of enjoyment of sexual relations" as a "direct and proximate result" of all defendants' negligence. *Id.* ¶ 12.

**III.**      **Analysis**

      A.      Legal Standards

            1.      Fed. R. Civ. P. 15(a)

Fed. R. Civ. P. 15(a)(1) provides that a party may amend a pleading once as a matter of course within 21 days of its service, or if the pleading is one for which a responsive pleading is required, 21 days after service of a responsive pleading or motion under Fed. R. Civ. P. 12. In all other cases, "a party may amend its pleading only with the opposing party's written consent or the court's leave." *Id.* at 15(a)(2). When the court's leave is required, it should be "freely give[n] when justice so requires." *Id.*; *see also Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001).

"Rule 15's policy of favoring amendments to pleadings should be applied with 'extreme liberality.'" *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981). This liberality is "subject to the qualification that amendment of the complaint does not cause the opposing party undue prejudice, is not sought in bad faith, and does not constitute an exercise in futility." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (internal citations omitted).

            2.      28 U.S.C. § 1447(e)

"[A] party's request to amend the pleadings in a way that would destroy diversity is governed by 28 U.S.C. § 1447(e)." *Francis v. EBI Med. Sys., Inc.*, No. CV 10-856-GHK, 2010 WL 4680290, at *1 (C.D. Cal. Nov. 10, 2010). If after an action is removed, "the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e); *see also Boon v. Allstate Ins. Co.*, 229 F. Supp. 2d 1016, 1022 n.2 (C.D. Cal. 2002) ("[T]he proper standard for deciding whether to allow post-removal joinder of a diversity-destroying defendant is set forth in 28 U.S.C. § 1447(e)."). Accordingly, "the decision regarding joinder of a diversity destroying-defendant is left to the discretion of the district

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV21-01405 JAK (SHKx) | Date | November 14, 2022 |
| Title | Jennifer Richardson v. Costco Wholesale Corporation, et al. | | |

court." *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998).

When deciding whether to permit joinder under § 1447(e), courts consider the following six factors:

> (1) whether the party sought to be joined is needed for just adjudication and would be joined under Federal Rule of Civil Procedure 19(a); (2) whether the statute of limitations would prevent the filing of a new action against the new defendant in state court; (3) whether there has been an unexplained delay in seeking to join the new defendant; (4) whether plaintiff seeks to join the new party solely to defeat federal jurisdiction; (5) whether denial of the joinder would prejudice the plaintiff; [and] (6) the strength of the claims against the new defendant.

*Thomas v. WalMart Stores, Inc.*, No. CV 18-03422-RSWL-SK, 2018 WL 3046967, at *1–2 (C.D. Cal. June 19, 2018).

  B. Application

    1. <u>Scott's Proposed Loss of Consortium Claim Against Costco Corp.</u>

As noted, leave to amend a pleading should be freely given under Fed. R. Civ. Pro 15(a)(2). Costco Corp. has stipulated to having Scott appear as a plaintiff, and to permitting him to bring a claim of loss of consortium against it. No evidence has been presented that this proposed claim would cause undue prejudice, is brought in bad faith or would be futile. Therefore, the Amended Motion is **GRANTED** as to the addition of Scott as a plaintiff advancing a cause of action for loss of consortium against Costco Corp.

    2. <u>Scott's Proposed Loss of Consortium Claim Against Noche</u>

      a) Whether the Requested Amendment Is Governed by Fed. R. Civ. P. 15(a)(1) or 28 U.S.C. § 1447(e)

District courts in the Ninth Circuit have referred to a split of authority on the question whether an amendment to add a non-diverse defendant is governed by Fed. R. Civ. P. 15(a) or 28 U.S.C. § 1447(e), but the weight of the authority holds that 28 U.S.C. § 1447(e) applies. *See McGrath v. Home Depot USA, Inc.*, 298 F.R.D. 601, 606-07 (S.D. Cal. 2014) ("[T]he majority of district courts in the Ninth Circuit addressing the specific situation of a plaintiff attempting to use a Rule 15(a) amendment 'as a matter of course' to destroy diversity jurisdiction by adding claims against a non-diverse defendant have scrutinized the plaintiff's purposes for amendment under section 1447(e).") (citing *Clinco v. Roberts*, 41 F. Supp. 2d 1080, 1088 (C.D. Cal. 1999); *Raifman v. Wachovia Securities, LLC*, No. C 11-02885 SBA, 2012 WL 1611030, at *4 (N.D. Cal. May 8, 2012); *Hardin v. Wal-Mart Stores, Inc.*, 813 F. Supp. 2d 1167, 1173 (E.D. Cal. 2011); *Greer v. Lockheed Martin*, No. CV 10–1704 JF (HRL), 2010 WL 3168408, at *3-4 (N.D. Cal. Aug. 10, 2010); and *Chan v. Bucephalus Alt. Energy Grp.*, LLC, No. C 08–04537 JW, 2009 WL 1108744, at *3 (N.D. Cal. Apr. 24, 2009)); *see also Boon*, 229 F. Supp. 2d at 1022 n.2; *Marroquin v. Target Corp.*, LA CV19-00341 JAK (SSx), 2019 WL 2005793 (C.D. Cal. May 7, 2019)).

The Ninth Circuit upheld the application of section 1447(e) to deny joinder of a party who would destroy diversity in *Newcombe v. Adolf Coors Co.*, 157 F.3d 686 (9th Cir. 1998). In two unpublished decisions

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV21-01405 JAK (SHKx) | Date | November 14, 2022 |
|---|---|---|---|
| Title | Jennifer Richardson v. Costco Wholesale Corporation, et al. | | |

issued since *Newcombe*, the Ninth Circuit has continued to apply section 1447(e) under such circumstances. *See 3WL, LLC v. Master Prot., LP*, 851 F. App'x 4, 7 (9th Cir. 2021); *Kwasniewski v. Sanofi-Aventis U.S., LLC*, 637 F. App'x 405, 407 (9th Cir. 2016).

The determination made by the majority of district courts in the Ninth Circuit, as well as its adoption in the aforementioned opinions by the Ninth Circuit, that 28 U.S.C. § 1447(e) applies, is more persuasive and is adopted here.

        b) Whether the Amended Motion Should Be Granted as to Joining Noche Under 28 U.S.C. § 1447(e)

            i.    <u>Whether Noche Is Needed for Just Adjudication and Would Be Joined Under Fed. R. Civ. P. 19(a)</u>

Fed. R. Civ. P. 19(a) provides that joinder is required if, in the absence of the person, "the court cannot accord complete relief among existing parties" or if that person "claims an interest relating to the subject of the action and is so situated" that proceeding without the person would "impair the person's ability to protect the interest" or would "leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest."

"Although whether a party would be considered a necessary party under Rule 19(a) is relevant to the Court's determination under § 1447(e), amendment under § 1447(e) is 'less restrictive' than joinder." *Mudra Int'l, LLC v. Kellwood Co., Inc.*, No. CV 08-03642 DDP (JCx), 2008 WL 11336465, at *2 (C.D. Cal. 2008) (quoting *IBC Aviation Servs., Inc. v. Compania Mexicana de Aviacion, S.A. de C.V.*, 125 F. Supp. 2d 1008, 1011-12 (N.D. Cal. 2000)). "'The standard is met when failure to join will lead to separate and redundant actions,' but it is not met when 'defendants are only tangentially related to the cause of action or would not prevent complete relief.'" *Forward-Rossi v. Jaguar Land Rover N.A., LLC*, No. 2:16-cv-00949-CAS(KSx), 2016 WL 3396925, at *2 (C.D. Cal. 2016) (quoting *IBC Aviation Servs., Inc.*, 125 F. Supp. at 1012).

The proposed cause of action against Noche is more than tangentially related to Scott's claims against Costco Corp. It is alleged that Noche was the driver of the vehicle that struck Jennifer in the Costco parking lot, which led to the claims by Jennifer and Scott against Costco. However, for the following reasons, Noche is not a necessary party under Rule 19(a).

*First*, the Court can "accord complete relief among existing parties" without Noche's presence. Jennifer did not argue that Noche is a necessary party to either her personal injury claim or Scott's loss of consortium claim. Jennifer argued that Noche should be joined because he, like Costco, is a "responsible defendant," and for this reason Scott has a "righteous claim for loss of consortium" against both parties. *Id.* Jennifer also contended that the amendment "is necessary in the furtherance of justice due to additional facts and circumstances that have arisen during the course of this litigation." Dkt. 28 at 5. Jennifer's only explanation of these facts and circumstances was that "Plaintiff's resulting injuries are catastrophic in nature and her recovery remains ongoing." *Id.* However, Scott could file an action against Noche in state court to obtain relief against Noche for his loss of consortium claim.

*Second*, Costco does not assert it would incur additional or inconsistent obligations without Noche as a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV21-01405 JAK (SHKx) | Date | November 14, 2022 |
| Title | Jennifer Richardson v. Costco Wholesale Corporation, et al. | | |

party.

*Third*, proceeding without Noche would not impair Noche's ability to protect his interest, if any, in this action. The central issue in this action is whether Costco Corp. proximately caused injuries to Jennifer and Scott under theories of general negligence and premises liability. Resolving that issue requires an inquiry into the actions of Costco Corp. -- specifically, what safety measures it implemented on its premises. If a later proceeding were commenced, Noche could present appropriate responses to any claims. Further, Noche would not be subject to any indemnity or contribution action by Costco Corp. resulting from an apportionment of fault in this matter. In California, tortfeasors are not jointly liable for non-economic damages, including those arising from loss of consortium. Cal. Civ. Code § 1431.2. Nor would he be bound by any determinations as to the apportionment of fault among the defendants.

However, proceeding in this action without Noche's presence could lead to overlapping, although not identical, proceedings in federal and state courts. It is undisputed that Jennifer has settled any possible claims against Noche, and therefore, denial of joinder would not lead to any duplicative state action as to Noche's liability to Jennifer. With respect to the claims by Scott against Costco Corp., three of the four elements that he must prove would overlap with his proposed claim against Noche. *See Graveline v. Select Comfort Retail Corp.*, 871 F. Supp. 2d 1033 (E.D. Cal. 2012) (identifying the following four elements of loss of consortium claim: (1) a valid and lawful marriage between a plaintiff and a person injured at the time of the injury; (2) a tortious injury to the plaintiff's spouse; (3) loss of consortium suffered by the plaintiff; and (4) the loss was proximately caused by the defendant's act). Thus, there would be some overlap between the current case and a potential future claim against Noche in state court, but the cases would not be redundant. Nor is it clear that Scott would pursue such a claim if he deemed the outcome in this action to be a sufficient remedy.

Further, there is also a risk that a separate action against Noche in state court could lead to inconsistent results, as well as inconsistent apportionment of fault among the parties. *See Verrell v. ROC AZ Villa Antiqua LLC*, No. CIV 14-1730-TUC-CKJ, 2014 WL 3556359, at *1 (D. Ariz. 2014) ("in a case of comparative negligence, it is even more important that the factual issues be adjudicated and resolved by the same trier of fact so that fault is consistently and equitably apportioned between all of the implicated parties").

Considering the foregoing, and in light of judicial efficiency and the potential for inconsistent outcomes, this factor weighs slightly in favor of granting the Amended Motion as to the addition of Noche as a defendant to Scott's loss of consortium claim, notwithstanding that Noche is not a necessary party under Rule 19.

> ii. Whether the Statute of Limitations Would Prevent the Filing of a New Action Against Noche in State Court

In California, the statute of limitations for a loss of consortium claim is two years. Cal. Code Civ. Proc. § 335.1; *see also Darringer v. Intuitive Surgical, Inc.*, 2015 WL 6735333, at *2 (N.D. Cal. 2015) (Newman, M.J.) (stating loss of consortium and other claims are subject to two-year limitations period of § 335.1). Assuming the statute of limitations on Scott's loss of consortium claim began to run at the earliest possible date -- when Jennifer was allegedly struck by the vehicle driven by Noche on November 20, 2020 -- the two-year limit has not passed. Therefore, this factor weighs against granting

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV21-01405 JAK (SHKx) | Date | November 14, 2022 |
|---|---|---|---|
| Title | Jennifer Richardson v. Costco Wholesale Corporation, et al. | | |

the Amended Motion as to Noche.

     iii.  Whether There Has Been an Unexplained Delay in Seeking to Join Noche

"[U]nder § 1447(e), a court has discretion to deny joinder of a party 'whose identity was ascertainable and thus could have been named in the first complaint.'" *Murphy v. Am. Gen. Life Ins. Co.*, 74 F. Supp. 3d 1267, 1282 (C.D. Cal. 2015) (quoting *Boon*, 229 F.Supp.2d at 1023). Jennifer did not dispute that she knew Noche's identity throughout the time that she was involved in this litigation or explain the reason for the delay in seeking to join Noche. Jennifer noted that her injuries "are ongoing," but did not explain why Scott sought to pursue a loss of consortium claim against Costco prior to the deadline for amending the Complaint, and then sought to bring an identical loss of consortium claim against Noche a week later. Dkt. 28 at 5. Nor do Plaintiff's counsel allege they "received new information as a result of discovery responses." *Mudra Int'l LLC*, 2008 WL 11336465, at *5; *see also Forward-Rossi*, 2016 WL 3396925, at *3. Rather, Plaintiff asserts as follows:

> Plaintiff's counsel previously noticed the deposition of NOCHE and in preparing for the same, it was discovered that the underlying release provided by Plaintiff to NOCHE did not include, nor account for her spouse, SCOTT RICHARDSON. As such, SCOTT RICHARDSON has a meritorious claim for Loss of Consortium against all defendant parties, including NOCHE, to this action. Thereafter, NOCHE's deposition was promptly taken off calendar and Plaintiff's motion was amended after meet and confer efforts between the parties.

Dkt. 30 at 3.

This neither states when counsel discovered these matters, nor that counsel lacked access to the release prior to preparing for the deposition.

Jennifer further argued that the late filing of the Amended Motion is justified because her counsel "went to great lengths" to confer with Defendant's counsel for "several weeks." *Id.* at 3-4. Even assuming these allegations are true, they are not persuasive as to the timing of the proposed addition of Noche because, prior to filing the Motion for Leave, Jennifer's counsel only conferred with counsel for Costco Corp. about adding Scott's cause of action against Costco Corp. *Id.*

Because the one-year period between the filing the Complaint and the Amended Motion is not sufficiently explained, this factor weighs against granting the Amended Motion as to Noche.

     iv.  Whether Plaintiff Seeks to Join Noche Solely to Defeat Federal Jurisdiction

"[T]he motive of a plaintiff in seeking the joinder of an additional defendant is relevant to a trial court's decision to grant the plaintiff leave to amend his original complaint." *Forward-Rossi*, 2016 WL 3396925, at *4 (quoting *Clinco*, 41 F. Supp. 2d at 1083). "However, 'suspicion of diversity destroying amendments is not as important now that § 1447(e) gives courts more flexibility in dealing with the addition of such defendants.'" *Id.* (brackets omitted) (quoting *IBC Aviation Servs., Inc.*, 125 F. Supp. at 1012). The issue is often framed in terms of whether the sole purpose of seeking to join the non-diverse

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV21-01405 JAK (SHKx) | Date | November 14, 2022 |
| Title | Jennifer Richardson v. Costco Wholesale Corporation, et al. | | |

defendant is to defeat diversity jurisdiction. *See, e.g.*, *Negrete v. Meadowbrook Meat Co.*, No. CV11–1861, 2012 WL 254039, at *5 (C.D. Cal. 2012); *Buttons v. Nat'l Broad. Co., Inc.*, 858 F. Supp. 1025, 1027 (C.D. Cal. 1994).

The Amended Motion was filed after this case was removed. As discussed above, Jennifer did not adequately explain why Scott's proposed cause of action against Noche was not included in the Complaint. Costco Corp. also alleges, and Plaintiff has not disputed, that the Complaint named a "sham defendant," Costco Membership, whose citizenship should be disregarded when determining diversity jurisdiction. Dkt. 1 at 2-3. Thus, "one could justifiably suspect" that Plaintiff's request to join Noche "was caused by the removal rather than an evolution of [her] case." *Clinco*, 41 F. Supp. 2d at 1083. For these reasons, this factor weighs against granting the Amended Motion as to Noche.

v. <u>Whether Denial of the Joinder Would Prejudice the Plaintiff</u>

"When considering prejudice to the plaintiff, courts tend to look to the procedural point in the case, the overlap in evidence, and considerations relating to judicial economy." *Mudra Int'l LLC*, 2008 WL 11336465, at *9. Although joinder in one action is "the preferred method for asserting a claim of loss of consortium," *Rodriguez v. Bethlehem Steel Corp.*, 12 Cal. 3d 382, 408 n.29 (1974), an action for loss of consortium can be brought separately from the action by the physically injured spouse, *Abellon v. Hartford Ins. Co.*, 167 Cal. App. 3d 21, 25-26 (1985).

The parties are in the early stages of discovery and have not conducted depositions. Dkt. 30 at 5. Discovery regarding the loss of consortium claim against Costco Corp. and the proposed loss of consortium claim against Noche would overlap as to Scott's losses due to the November 20, 2020 incident. Further, both claims require a determination regarding the apportionment of responsibility among parties. Thus, it would be economical and promote consistent outcomes to include Scott's claim for loss of consortium in this action. However, as discussed above, denial of the Amended Motion would not preclude Scott from seeking and obtaining complete monetary relief in this action, and Scott is not barred by the statute of limitations from bringing his claim against Noche in state court, where it could be stayed pending the outcome of this action to preserve resources. Plaintiff would not suffer "undue prejudice" by denial of the Amended Motion. *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998). Further, the discovery in this action, which may include the deposition of Noche, could be useful to Plaintiff in connection with a later state court proceeding against Noche. This could limit the additional cost of proceeding with such a claim in a separate proceeding if pursuing it would be warranted by the outcome of this one.

For these reasons, this factor weighs against granting the Amended Motion as to Noche.

vi. <u>The Strength of the Claim Against Noche</u>

"The existence of a facially legitimate claim against the putative defendant weighs in favor of permitting joinder under § 1447(e)." *Forward-Rossi*, 2016 WL 3396925, at *4 (quoting *Taylor v. Honeywell Corp.*, No. C 09–4947 SBA, 2010 WL 1881459, at *3 (N.D. Cal. 2010)). "In considering the validity of plaintiff's claims, 'the court need only determine whether the claim seems valid[,]' which [is] not the same as the standard in either a motion to dismiss or a motion for summary judgment." *Harris v. Ford Motor Co.*, No. CV1704964SJOMRWX, 2017 WL 10433673, at *2 (C.D. Cal. 2017) (brackets omitted) (quoting *Sabag*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV21-01405 JAK (SHKx) | Date | November 14, 2022 |
| Title | Jennifer Richardson v. Costco Wholesale Corporation, et al. | | |

*v. FCA US, LLC*, No. 2:16-CV-6639-CAS (RAOx), 2016 WL 6581154, at *6 (C.D. Cal. 2016)).

Under California law, loss of consortium is not a "derivative" cause of action. Although the cause of action is triggered by an injury to the spouse of a plaintiff, "a loss of consortium claim is separate and distinct, and not merely derivative or collateral to the spouse's cause of action." *Gapusan v. Jay*, 66 Cal. App. 4th 734, 742 (Cal. Ct. App. 1998). Therefore, even if Jennifer's claims against Noche were deemed barred by the prior settlement and release, Scott's loss of consortium claim would not be. Costco Corp. appears to concede this point and instead argues the claim is futile in that Noche's insurance carrier would not provide coverage as to Scott's claim. Dkt. 29 at 7-8. Even assuming Scott "can recover no more" from Noche's insurance policy, *id.* at 8, he could pursue recovery against Noche personally, assuming that any recovery from Costco were not deemed sufficient.

Scott's proposed claim against Noche is facially valid. As noted, under California law, a loss of consortium cause of action has four elements: (1) a valid and lawful marriage between a plaintiff and a person injured at the time of the injury; (2) a tortious injury to the plaintiff's spouse; (3) loss of consortium suffered by the plaintiff; and (4) the loss was proximately caused by the defendant's act. *Graveline v. Select Comfort Retail Corp.*, 871 F. Supp. 2d 1033 (E.D. Cal. 2012) (applying California law). The proposed loss of consortium claim alleges each of these elements. Dkt. 28 Ex. 2 ¶ 11-12. Jennifer did not add factual allegations to support this claim, but instead used conclusory language that restated the four elements of a loss of consortium claim. However, this factor does not require applying the standards for a motion to dismiss. Rather, the claim need only "seem valid."

For these reasons, this factor weighs in favor of granting the Amended Motion as to Noche.

\*       \*       \*

Consideration of the six factors relevant to assessing joinder pursuant to 28 U.S.C. § 1447(e), shows that four of them weigh against granting the Amended Motion as to Noche. Thus, on balance, the equities weigh against adding Noche as a defendant. Therefore, the Amended Motion is **DENIED** as to Scott's proposed cause of action for loss of consortium against Noche.

### IV.    Conclusion

For the reasons stated in this Order, Plaintiff's Motion for Leave to File First Amended Complaint (Dkt. 26) is **MOOT**. Plaintiff's Amended Motion for Leave to File Plaintiff's First Amended Complaint (Dkt. 28) is **GRANTED-IN-PART** and **DENIED-IN-PART** as follows:
- The Amended Motion is **GRANTED** as to the stipulated joinder of Scott as a plaintiff advancing a claim for loss of consortium against Costco Corp., which is also consistent with the parties' later stipulation that Scott may appear on behalf of Jennifer. Dkt. 45.
- The Amended Motion is **DENIED** as to the joinder of Noche as a defendant to the loss of consortium claim.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV21-01405 JAK (SHKx) | Date | November 14, 2022 |
| Title | Jennifer Richardson v. Costco Wholesale Corporation, et al. | | |

|  | : |
|---|---|
| Initials of Preparer | tj |